SUN INSURANCE COMPANY, PLAINTIFF IN ERROR, v. THE GREENVILLE BUILDING AND LOAN ASSOCIATION, No. 2, DEFENDANT IN ERROR.

A policy of insurance was, by request of the mortgagee, issued in the name of H. Roobeine, as owner; the loss, if any, payable to the mortgagee, the Greenville Building and Loan Association. It appeared on the trial that H. Roobeine never owned the property insured, but that one Barnet Rubin was the owner. *Held,* that no action at law can be founded upon the policy by the mortgagee until it is reformed in equity.

On error to the Supreme Court.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *Henry Puster* and *John Griffin.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was brought by the Greenville Building and Loan Association against the Sun Insurance Company to recover the amount insured, by a policy dated August 30th, 1893, on a three-story frame building, No. 414 Wall street, Elizabethport, New Jersey.

The plaintiff below held a mortgage upon the premises, executed by one Jacob M. Lauton, who subsequently conveyed to Barnet Rubin, subject to said mortgage.

On the application of said mortgagee, the policy of insur-

ance was issued by the Sun Insurance Company in the name of H. Roobeine, owner; the loss, if any, payable to said Greenville Building and Loan Association as mortgagee.

By mistake, the mortgagee gave the insurance company the name of H. Roobeine as the owner, while the fact was that he never was the owner, the title being in a man by the name of Barnet Rubin.

The declaration alleges that the insurance company insured H. Roobeine, the loss, if any, payable to the plaintiff as mortgagee.

The plea is *non-assumpsit.* The trial judge ordered a verdict for the plaintiff below.

In this there was error. The plaintiff failed to sustain the affirmative of the issue joined.

The policy purports to insure the property of Roobeine, and it was upon his property the plaintiff claimed to have a mortgage. All this was disproved on the trial, so that there was no sufficient basis of fact upon which to support a judgment for the plaintiff.

It seems clear that no action at law can be founded upon this policy until it is reformed in equity.

In another aspect of the case, there was error in directing a verdict for the plaintiff.

In the trial court, evidence was given on the part of the defendant company that notice was given to the mortgagee that the insurer, in virtue of a right reserved in the policy so to do, elected to cancel said policy; and that the mortgagee, before the fire occurred, agreed that it should be canceled, and promised to surrender it to the insurance company. This was denied by the mortgagee, but it was a question of fact which should have been submitted to the jury.

The judgment below should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, GUMMERE, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SIMS, SMITH, TALMAN. 14.