I. M. PROCTOR and B. F. MONTAGUE, attorney of I. M. Proctor, v. GEORGIA HOME INSURANCE COMPANY.

(Decided March 28, 1899).

*Necessary Parties—Practice.*

1. Where a mortgagor of land, as additional security, took out a fire insurance policy, on the buildings, containing a clause. as follows: "Loss, if any, payable to B. F. Montague, attorney, and assured, as their interests may appear," a loss by fire having occurred, the assured is a necessary party in an action upon the policy to recover the loss.

2. Upon the return of the case, the Court below may, in its discretion, permit an amendment, making the assured a party.

CIVIL ACTION, upon a fire insurance policy, to recover a loss by fire, tried before *Timberlake, J.,* at April Term, 1898, of WAKE Superior Court, on appeal from Justice's Court.

One Ben McCullers borrowed $110 of B. F. Montague, attorney of plaintiff, I. M. Proctor, and executed a mortgage to Montague, attorney, to secure the debt, and as additional security insured the buildings on the land against fire in the Georgia Home Insurance Company. The policy contained the clause, "Loss, if any, payable to B. F. Montague, attorney, and assured, as their interests may appear."

In July, 1893, McCullers left the State under a criminal charge and has not since been heard from, after diligent efforts to find him. In January, 1894, during the continuance of the policy, the buildings insured were destroyed by fire, and this action was brought, upon a refusal to pay, to recover the loss to the extent of the amount due upon the debt. The defendant demurred to the complaint because of defect of parties plaintiff, the assured, Ben McCullers, should be a party to said action. His Honor overruled the demurrer and gave judgment for the plaintiff for $100, conceded to be balance due upon the debt owing by McCullers.

Defendant excepted and appealed.

*Mr. Edward C. Smith,* for defendant (appellant).
*Mr. Armistead Jones,* for plaintiff.

CLARK, J. One McCullers, having given to the plaintiff a mortgage on realty for $110 as collateral security, took out a policy in the defendant company for $150, expressed to be paid to the plaintiff and insurer "as their interests may appear." A fire occurred and the loss of $150 has been sustained. McCullers has departed the State or keeps his

whereabouts unknown, and this action is brought by the mortgagee alone, and the question is, can it be sustained or is McCullers a necessary party?

We are of the opinion that he is. As to the mortgaged property, the mortgagee, being made trustee, can upon proper advertisement sell and receive the proceeds by virtue of the trust expressed in the mortgage, *i. e.* to pay the debt and to pay the surplus to the mortgagor. But that is not the contract as to the policy of insurance. It is not made payable to the mortgagor, or a trustee. It is made payable to two persons "as their interests may appear." The defendant would not be released by a payment to either one from its obligation to the other. Suppose the mortgagee could not be found, would a payment of the whole to the mortgagor discharge the defendant? It is simply a case of an obligation, irrespective of the relation between the payees, to A. and B. "as their respective interests may appear," and until that is ascertained, the defendant would not be acquitted if he pay one too much, nor can a judgment ascertaining the amount due to one be a bar upon the other unless made a party, with opportunity to contest as to the amount of his interest. It may be that a part or the whole of the mortgage debt has been paid.

These principles are so elementary that we presume the question now raised would never have entered the mind of any one but for the practical difficulty in getting service upon McCullers.

There is an historical illustration of the principle in the incident which first brought Thomas Egerton, afterwards the famous Lord Chancellor Ellesmere, into notice and which is thus given by Lord Campbell in his "Lives of the Lord Chancellors": "Three graziers had deposited a sum of money with a worthy old lady who kept an inn in Smithfield, to be returned on their joint application. One of them, pretend-

ing he had authority to receive it, induced her to give him the whole sum and absconded with it. The other two brought their action against her and (as the story goes) were about to recover, when young Egerton, then a law student, asked as *amicus curiae* to point out a fatal objection which had escaped her counsel as well as the Judge. Said he, 'This money, by the contract, was to be returned to *three,* but *two* only sue; where is the *third?* Let him appear with the others; till then the money can not be demanded of her.' The result was the plaintiffs were nonsuited" and the young student had taken his first step towards success in a profession in which fame never comes by chance, though accidents may furnish opportunities.

Naturally, McCullers should be a party plaintiff, but if he does not come in and make himself co-plaintiff, The Code (section 185) provides that he may be made a defendant, the reason thereof being stated in the complaint. If the policy had been made payable to the mortgagee alone, then he could have maintained the action, the amount of the loss when paid over to him being held on the same trust as the mortgaged property, *i. e.* to pay his debt and the surplus, if any, to be paid by him to the mortgagor. But, here, the contract is that the defendant is to pay A. and B.; neither A. nor B. is made agent or trustee for the other; and not only that, but the amount made payable to each is left to be determined, if not by agreement, then by an action in which both payees and the defendant must be parties, and The Code [section 424 (1)] provides that the judgment in such cases shall be framed "to determine the ultimate rights of the parties on each side as between themselves."

It was error to refuse to sustain the demurrer for failure to make a necessary party. It was not waived by the subsequent agreement as to the facts, presenting the question of

the necessity of making McCullers a party, as a question of law to the Court. When the case goes back, it will be in the discretion of the Court below to permit an amendment making McCullers a party. Code, section 273; *Plemmons v. Improvement Co.,* 108 N. C., 614; *Bray v. Creekmore,* 109 N. C., 49. Whether sufficient service by publication can be made upon McCullers under The Code, section 218, subsection 2 and 4, is a question not now before us. We can pass only upon action taken below and exception noted thereto.

Error.