J. F. ALLRED ET UX. v. TREXLER LUMBER COMPANY ET AL.

(Filed 16 November, 1927.)

**1. Removal of Causes — Federal Courts — Parties — Nominal Parties—
Courts—Jurisdiction.**

Where a nonresident defendant seeks to remove a cause from the State to the Federal Court for diversity of citizenship, the plaintiff's joinder of purely nominal party will not oust the jurisdiction of the Federal Court, and alone is insufficient to defeat the defendant's motion to remove the case under the Federal statute.

**2. Same—Trusts—Trustees—Actions—Contracts—Damages.**

　　Where resident plaintiffs bring an action for damages *ex contractu*, and likewise seek to enjoin the sale of lands under a power given by a deed of trust, the joinder of the trustee is of a mere nominal party, and will not prevent the defendant's motion to remove the cause to the Federal Court for diversity of citizenship.

APPEAL by plaintiffs from *Lyon, Special Judge,* at May Term, 1927, of MOORE.

Motion to remove cause to the District Court of the United States for the Middle District of North Carolina for trial. Motion allowed, and plaintiffs appeal.

*U. I. Spence for plaintiffs.*
*Fuller, Reade & Fuller for defendant, Trexler Lumber Company.*

STACY, C. J. The plaintiffs, residents of Moore County, North Carolina, sue the Trexler Lumber Company, a corporation, citizen and resident of the State of Pennsylvania, for damages arising *ex contractu*, and at the same time seek to enjoin the foreclosure of a deed of trust given to secure the payment of certain promissory notes executed by plaintiffs to the corporate defendant.

Victor S. Bryant, a resident of Durham, N. C., was named as trustee in the deed of trust, the foreclosure of which is sought to be enjoined, and his executrix, upon whom "all the title, rights, powers and duties of such trustee" were cast (C. S., 2578) at his death, is joined purely as a nominal defendant, and no separate cause of action is alleged or relief demanded as against her. Her interest, therefore, is not sufficient to defeat a removal of the cause of action to the Federal Court for trial. *Morganton v. Hutton,* 187 N. C., 736, 122 S. E., 842.

Where it appears that the real controversy is between citizens of different States, the presence of mere formal parties, such as executors of a deceased trustee, even though citizens of the same State with the plaintiff, will not defeat or oust the jurisdiction of the Federal Court. *Walden v. Skinner,* 101 U. S., 577; Black's Dillon on Removal of Causes, chapter 8, sec. 85.

This was the holding of the trial court, and we find no error in the ruling.

Affirmed.

BROGDEN, J., took no part in the consideration or decision of this case.