SMOKE MOUNT INDUSTRIES, INC., v. THE EUREKA SECURITY FIRE & MARINE INSURANCE COMPANY OF CINCINNATI, OHIO, and BANK OF ASHEVILLE, ASHEVILLE, N. C.

(Filed 1 March, 1944.)

**1. Removal of Causes § 2—**

In considering a petition for the removal of a cause to the Federal Courts, the allegations of the complaint are admitted to be true and the

rights of the parties must be determined upon the allegations contained therein.

**2. Same—**

A purely nominal party, or technical arrangement of parties, will not oust the jurisdiction of the Federal Courts, nor prevent the removal of a cause thereto. The courts will look to the actual interest and the real contest between the parties for a determination of the question.

**3. Removal of Causes §§ 4a, 4b—**

Where insured brought suit in the State courts, alleging a loss under a fire policy, against insurer, a foreign corporation, and also against a resident mortgagee, named with plaintiff in the loss payable clause as its interest might appear, and the complaint alleged that the mortgagee had been paid in full, jurisdictional amount and diverse citizenship being admitted, petition for removal to the Federal Court should have been granted.

APPEAL by defendant, The Eureka Security Fire & Marine Insurance Company, from *Nettles, J.,* at January Term, 1944, of BUNCOMBE.

Civil action instituted by plaintiff, a resident of North Carolina, to recover the proceeds of a fire insurance policy which contained a loss payable clause to a resident bank as mortgagee. The complaint alleges that the indebtedness secured by the mortgages held by the bank was paid in full prior to the institution of the action.

The defendant, The Eureka Security Fire & Marine Insurance Company, duly filed its petition for removal of this cause to the United States District Court for the Western District of North Carolina, within the time required, together with a good and sufficient bond duly conditioned as provided by law. Upon a hearing on the petition to remove, before the clerk of the Superior Court of Buncombe County, N. C., the defendant's bond was approved, but the motion for removal was denied. Upon appeal to his Honor, Nettles, J., at the January Term, 1944, of the Superior Court of Buncombe County, the motion to remove was likewise denied, and the defendant, The Eureka Security Fire & Marine Insurance Company, appeals to the Supreme Court.

*J. A. Patla and Geo. A. Shuford for plaintiff.*
*Robinson & Jones for defendant, appellant.*

DENNY, J. The petition for removal, in addition to the allegations as to jurisdictional amount, and diverse citizenship, further alleges (1) no subsisting cause of action against the resident defendant, the Bank of Asheville; (2) fraudulent joinder; and (3) the cause of action alleged in the complaint can be fully and completely determined between the petitioner and the plaintiff; and that said cause of action or controversy is

entirely separate and distinct from any controversy involving petitioner's codefendant.

In considering a petition for removal, the allegations of the complaint are admitted to be true and the rights of the parties must be determined upon the allegations contained therein. Plaintiff alleges that it executed certain chattel mortgages to the Bank of Asheville to secure its indebtedness to said bank, that the bank required the plaintiff to have the property, on which it executed the chattel mortgages, insured against loss by fire and to have the proceeds of the policy, in the event of loss or damage, payable to the Bank of Asheville, as its interest may appear. Thereafter a loss occurred and before instituting this action, plaintiff paid all its indebtedness to the Bank of Asheville which was secured by the aforesaid chattel mortgages and the fire insurance policy now in controversy. It is not necessary to have the bank as a party to the action in order to prove the payment of plaintiff's indebtedness to the bank; and if this indebtedness has been paid, as alleged, the Bank of Asheville had no interest in the proceeds of the fire insurance policy, which may be recovered by plaintiff from the nonresident defendant. Therefore, we hold that the Bank of Asheville is not a necessary party. *Simmons v. Ins. Co.,* 196 N. C., 667, 146 S. E., 567; *Timber Co. v. Ins. Co.,* 190 N. C., 801, 130 S. E., 864; *Christiansen v. Bankers' & Shippers' Ins. Co.,* 207 N. W., 108. In the last case the facts are similar to those in the instant case. There the Supreme Court of South Dakota held: "As to the contention that the policy was issued to the National Bond & Investment Company, and the corporation was a necessary party plaintiff, the admissions of the answer show that the policy was issued to respondent on a car owned by her, and the policy held by the corporation to protect its mortgage lien. There is no merit in the contention that the corporation was a necessary party, and proof that its claim was fully paid at the time shows that there is no merit in the contention."

A purely nominal party, or technical arrangement of parties, will not oust the jurisdiction of the Federal Court. *Brown v. R. R.,* 204 N. C., 25, 167 S. E., 479; *Allred v. Lumber Co.,* 194 N. C., 547, 140 S. E., 157; *Calloway v. The Ore Knob Copper Co.,* 74 N. C., 200. In *Niccum v. Northern Assur. Co.,* 17 F. (2d), 160 (Ind.), the Court said: "Actual interest, and not technical arrangement of the parties to a suit, is decisive. *Evers v. Watson,* 156 U. S., 527, 15 S. Ct., 430, 39 L. Ed., 520; *Removal Cases,* 100 U. S., 457, 25 L. Ed., 593; *Pacific Ry. Co. v. Ketchum,* 101 U. S., 289, 25 L. Ed., 932. Under these decisions, and many others not necessary to cite, it seems to be the settled law that the courts, in determining the question of removability, will not be bound by any arrangement or alignment fixed in the pleadings, but will look to the real contest between the parties for a determination of the question."

The appellee insists that the case of *Proctor v. Ins. Co.,* 124 N. C., 265, 32 S. E., 716, is controlling and supports its contention that the defendant bank is a necessary party. We do not so hold. In the *Proctor case, supra,* McCullers, the mortgagor, procured the insurance and had the loss payable clause made to the assured and the mortgagee "as their interests may appear." The mortgagee undertook to collect the insurance without making the assured a party. There was no allegation that the insured had no interest in the proceeds of the policy. Furthermore, the Court pointed out that the assured should be a party plaintiff, and upon failure to come in and make himself coplaintiff, the statute (Code, 185; C. S., 457, now G. S., 1-70) provides that he may be made a defendant.

There was error in refusing to grant the motion for removal of this cause to the Federal Court.

Reversed.