MANN, Judge.
Our opinion that Tampa is a heavenly place is reinforced by the complaint, which alleges that plaintiffs’ mother died in June, 1965 and that in August, 1965 the defendant “duly executed and delivered to plaintiffs’ mother at Tampa, Florida” a policy of insurance purporting to protect a home against fire, which destroyed it in April, 1967. It is undisputed that plaintiffs are the devisees of the property. Summary judgment was entered for the defendant on the theory that plaintiffs were not the named insured and could not recover without reformation of the policy. That such reformation is possible has been clear since Taylor v. Glens Falls Ins. Co., 1902, 44 Fla. 273, 32 So. 887. That it should have been prayed for in this proceeding is obvious. That it could have been is shown by our present Rules, which provide for the merger of legal and equitable claims in a single action. Fla.R.Civ.P. 1.040, 30 F.S.A. See Note, Merger of Law and Equity in Florida — Problems and Proposals, 1967, 20 U.Fla.L.Rev. 173.
Reversed and remanded.
LILES, A. C. J., and McNULTY, J., concur.