## BRIDGE *v.* EXCELSIOR COMPANY.

The claim for which Esek Bussey secured, July. 18, 1876, letters-patent No. 180,001, is confined to an automatic device for raising up and letting down a hinged oven-shelf, and they are not infringed by constructing and operating a shelf as described in letters-patent No. 205,704, granted Jan. 9, 1878, to E. C. Little and D. H. Nation. The devices in both letters, though in some respects different, operate upon a principle which has been long used in other contrivances by which the same general effect is produced.

APPEAL from the Circuit Court of the United States for the Eastern District of Missouri:

The case is stated in the opinion of the court.

*Mr. Robert H. Parkinson* for the appellants,

*Mr. Samuel S. Boyd* for the appellees.

MR. JUSTICE BRADLEY delivered the opinion of the court.

This case arises upon a bill in equity, founded upon certain letters-patent dated July 18, 1876, and numbered 180,001, granted to one Esek Bussey for an improvement in cooking-stoves. The appellants, as his assignees, sue the Excelsior Manufacturing Company and the other appellees for alleged infringement, and pray an injunction, an account of profits, and an assessment of damages. The appellees filed an answer, denying infringement, and alleging the patent to be invalid by reason of certain older patents and of the prior public use of his alleged invention. The patent relates to an oven-shelf placed on a level with the bottom of the oven when the door is open, and outside of the oven, to serve as a shelf for pans and other vessels to rest on, when drawn out of, or shoved into, the oven. The claim is not for the shelf, as that is admitted to be old, but for an automatic device for raising the shelf upright and enclosing it within the door when the latter is closed,

and. letting it down to a horizontal position when the door is opened. The device is a cam attached to the door, which passes under the edge of the shelf, and gradually raises it to a nearly perpendicular position as the door shuts. The shelf falls back of its own weight when the door opens, resting on the cam. The claim of the patent is as follows : — ·

" What I claim, and desire to secure by letters-patent, is —

" In combination with a stove-oven, a hinged shelf, fitted to fall outward and down automatically when the oven-door is opened, and to be raised up by closing the oven-door, adapted to operate upon it for that purpose substantially in the manner and for the purposes herein set forth."

The defendants made and sold stoves containing oven-shelves constructed and operated as described in letters-patent granted to E. C. Little and D  H. Nation, dated July 9, 1878, and numbered 205,754. This shelf also has an automatic movement, being raised when the door shuts, and lowered when it opens. But the device by which this is accomplished is different from that of Bussey. A cam, or. arm, is used on the door, it is true ; but it does not operate under the shelf, but upon a projection attached to the upper side of it, so arranged in relation to the arm on the door as to raise and lower the shelf. Both devices operate upon the same principle precisely as that which has been used for a long time in raising and lowering a carriage-step by shutting and opening the door, and in other contrivances by which the same general effect is produced. Cam movements, and others of like character, producing simultaneous operations according to the needs of the case, such as opening valves in a steam-engine as the piston ascends and descends, and a thousand other things, are in such common use, that it requires but very little invention to adapt them to a particular case, like the one under consideration. We think, with the court below, that the patentee, if entitled to anything, is only entitled to the precise device which he has described and claimed in his patent ; and as the defendants use a different device, they are not guilty of infringement.

*Decree affirmed.*