UNITED STATES v. SMITH.

1. A paymaster in the army, from whom public funds. had been stolen, the amount of which he subsequently paid to his chief paymaster, pursuant to the order of the Paymaster-General, filed his petition in the Court of Claims for relief, under sects. 1059 and 1062 of the Revised Statutes. *Held,* that the limitation of six years prescribed by sect. 1069 is applicable to the case.
2. *United States* v. *Clark* (96 U. S. 37) distinguished.

APPEAL from the Court of Claims.

The case is stated in the opinion of the court.

*The Solicitor-General* for the United States.

*Mr. George A. King* for the appellee.

MR. JUSTICE MILLER delivered the opinion of the court.

This was an action in the Court of Claims under the third clause of sect. 1059 and sect. 1062 of the Revised Statutes, to establish a right to relief for public money stolen from the claimant, who was a paymaster in the army. The case turned in the court below, as it does here, on the question of the applicability of the Statute of Limitations as found in sect. 1069; and the claimant relies upon the opinion in *United States* v. *Clark*, 96 U. S. 37.

That case differs materially from this. The United States were suing Clark, in a court of general jurisdiction, on his bond, to recover the sum whereof he alleged that he had been robbed. He had refused to pay, and had never paid it or accounted for it, and he sued in the Court of Claims to establish that set-off. In the present case, the sum in controversy had been paid by the claimant to the proper officer, and the United States had no claim on him for it, and no right of action against him on that account. If the United States, in any action brought against Smith on his official bond, should include the sum now in controversy, it would be a perfect answer to the demand that Clark had paid it to his chief paymaster under the order of Paymaster-General Brice, their common superior.

And if Smith should, in his accounts with the government, fall behind, so that a balance as large as the sum now in con-

troversy was due, and there had been a change of sureties on the bond, those who were sureties when this payment was made could insist on that sum being applied to their exoneration *pro tanto.*

Nor does it appear that there was any balance of money of the government in the hands of Smith either when he brought suit or when he obtained judgment, on which it could be applied as a credit.

It is, therefore, a case in which the judgment amounts to a recovery of the sum once paid by claimant, and as the statute gives no authority to make this effectual by repayment out of the treasury, it is to be collected by permitting him to retain it out of a future balance in his hands.

In Clark's case the money had never been paid by him to the treasury, nor did it appear that there had been any final refusal by the accounting officers of the treasury to allow the claim.

The reasons why this court held that the Statute of Limitations, which applies to actions in general in the Court of Claims, of six years, did not apply to Clark's action, have direct relation to the differences we have noticed between that case and this. The court there said that until the accounting officers had refused to allow the claim in his accounts there was no occasion to establish it in the Court of Claims. There being no denial of his right, the statute did not run. This was founded on the conditions of the officer's bond to pay when demanded.

It sufficiently appears in this case that claimant's right was authoritatively denied when he was ordered by the paymaster-general to pay the money, and that then was the proper time to apply for the protection of the Court of Claims by asking its decree that he should be credited on his account with that sum.

The court in Clark's case gave as another reason why the statute did not apply, that so long as the United States could sue for this money and did not do so, the right of the claimant to this defence to that action could not be barred by the Statute of Limitations. And as Clark was then sued for that money by the government in a court where the defence could not be tried, but where it would not be barred by the limitation, if

the court had had jurisdiction to hear the defence, it was not barred in the only court which had jurisdiction to establish the defence.

In the present case, the money having been paid by the officer, he was liable to no action by the government to recover it.

It cannot be permitted that, the initiative in regard to a judicial determination of his right remaining solely with him, he can claim to be free from the law of limitation governing actions in that court as long as he chooses. Nor can he, without regard to the Statute of Limitations, proceed to obtain a judgment which is in effect for the repayment of money had and received to his use by the government.

We think the action in this case is barred by the Statute of Limitations.

*Judgment reversed.*