## MILLER v. MODLIN et al.

(Circuit Court of Appeals, Fifth Circuit. January 5, 1924.)

No. 4161.

**Patents ⊚⇒328—No. 1,295,188 held not improvement of prior patent, No. 1,316,⇒ 330, so as to pass under assignment thereof.**

Modlin patent, No. 1,295,188, covering a method of eliminating impurities or solids remaining in gas when it leaves the original container above the burning coal or lignite of the gas producer by subjecting the gas again to a more intense heat, *held* not an improvement on a prior application claiming to cover a method of distributing the coal or lignite in the producer, or on prior Modlin patent, No. 1,316,330, covering a method of attaching and holding the impurities, so as to pass under an assignment of all patentee's interest in the latter, with all improvements thereunder.

Appeal from the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Suit by P. E. Miller against Frank E. Modlin and others. Decree for defendants, and plaintiff appeals. Affirmed.

A. L. Jackson, of Fort Worth, Tex., for appellant.

John M. Spellman and J. H. Synnott, both of Dallas, Tex., for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. In November, 1917, after the filing of the original application under which, after it was amended, patent No. 1,316,330 was issued to Frank E. Modlin on September 16, 1919, Modlin sold and in writing transferred and assigned to the appellant all his interest "in the Modlin gas producer and purifier for which patents have been applied for" by the application mentioned, "together with all and any improvements of such invention which may hereafter be made by me either alone or in connection with some other person." The patent office required Modlin to separate the claims made in his application, which covered a gas producer having the new feature of a described means of shaking out the ashes and causing the coal to settle down uniformly upon the fire for the purpose of more effectively preventing the escape of air and flames into the gas container above the burning coal or lignite, and a gas purifier having the new feature of described means of so directing the gas and obstructing it after it passed from the container mentioned into another receptacle as to cause a precipitation on such obstructions of tarry or other substances thrown off from the gas as it cooled. Thereupon Modlin amended his application so as to claim only novelty and invention as to the purifier, and the patent mentioned was issued under such amended application. Under an application filed by Modlin after November, 1917, patent No. 1,295,188 was issued to him on February 25, 1919. The claims of that patent cover a gas producer having the claimed novel feature of converting into stable gas the tarry particles and other solid substances re-

maining in the gas when it leaves the container above the burning coal or lignite by described means of subjecting the gas again to more intense heat. By this suit brought by the appellant he claimed that the method of superheating disclosed by patent No. 1,295,188 was an improvement on an invention disclosed by the original application under which patent 1,316,330 was issued, and that his rights under the above-mentioned assignment were infringed by the construction and operation of a gas-making plant having the superheating feature described in the claims of patent No. 1,295,188.

Most of the features in a gas-making machine as described in each of the above-mentioned patents are devoid of novelty. Long before those patents were applied for there were machines for making gas from coal or lignite, which included a gas container above the burning material, a receptacle or receptacles into which the gas passed from such container, and devices for ridding the gas of tarry substances or solids thrown off from the gas as it cooled. The part of such a machine in which gas is formed was called the producer. The part of it which serves the purpose of ridding the gas of solids or impurities was called the purifier. Sundry devices intended for use in the producing and purifying stages of gas making had been devised. Modlin's above-mentioned original application covered a described manner of dealing with the coal or lignite in a producer, and described mechanical means of catching and holding substances or solids existing or forming in gas as it cools. Patent No. 1,295,188 covers a described means or method of getting rid of the impurities or solids left or formed in gas after it leaves the original container by turning them into gas while the gas which contained them is in a so-called superheater.

We are not of the opinion that the superheater patent was for an improvement of either of the inventions which Modlin assigned to the appellant. The superheater is a means of purifying gas and at the same time producing additional gas in a manner wholly unlike anything claimed in the application made by Modlin before he executed the above-mentioned assignment to the appellant. The method of dealing with impurities disclosed by that application was by mechanically catching and detaining them. The superheater deals with such impurities by converting them into gas by subjecting the gas containing them to intense heat after it has left the container above the burning coal or lignite. If the superheater patent had been issued to a stranger to Modlin on an application filed later than the one referred to in the above-mentioned assignment it would not have infringed either of the inventions referred to in that assignment, as the superheater works on a principle so radically different from anything disclosed or embodied in such inventions as to make it a separate and distinct invention. The assignment to appellant does not purport to confer on him any right in a new and independent invention made by Modlin after the execution of the assignment. It was not shown that the machine complained of embodied either of the inventions claimed by the application referred to in the above-mentioned assignment or an improvement devised by Modlin on either of those inventions. It follows that the court did not err in rejecting the demand asserted by the appellant. American Cone

& Wafer Co. v. Consolidated Wafer Co., 247 Fed. 335, 159 C. C. A. 429; Independant Elec. Co. v. Jeffrey Mfg. Co. (C. C.) 76 Fed. 981; Aspinwall Mfg. Co. v. Gill (C. C.) 32 Fed. 697; Stitzer v. Withers, 122 Ky. 181, 91 S. W. 277.

The decree is affirmed.