## WEST DISINFECTING CO. v. UNITED STATES PAPER MILLS, Inc., et al.

### No. 521.

District Court, M. D. Pennsylvania.
Aug. 15, 1929.

798

E. Clarkson Seward and W. Saxton Seward, both of New York City, and James G. Sanderson, of Scranton, Pa., for plaintiff.

Jacobi & Jacobi, of Washington, D. C., for defendants.

JOHNSON, District Judge.

The bill of complaint charges the defendants with infringement of plaintiff's patent No. 1,399,098, covering a certain folding paper machine, issued originally to Courtney P. Winter on his application and assigned by Winter to the plaintiff company, and charges the defendant Winter with a breach of the contract under which he assigned the said patent to the plaintiff company. The bill prays that the defendants and their agents be restrained from infringing upon the said

letters patent, and that the defendants account for the profits derived from the infringement and pay the damages suffered by the plaintiff, and that the defendant Winter be directed to comply with the requirements of said contract.

On October 13, 1920, the plaintiff company and Courtney P. Winter, defendant, executed a written contract relating to the assignment of Winter's rights in a certain folding paper machine in which it was stated that Winter "planned a folding paper machine, with new and valuable improvements consisting of a folding mechanism, which mechanism consists principally of a plurality of spiral rolls of graduated pitch in contact with which a web of material may be passed" and that he desired the plaintiff company "to assist him in perfecting said machine." Winter was "to prosecute at his own expense, his application for letters patent" for the said folding paper machine. The plaintiff company was granted "the sole and exclusive license to manufacture under, use, operate, produce under and control throughout the United States of America, said folding machine covered by said application or by Letters Patent to be granted thereon, and upon all improvements thereon or variations thereof, for the full term for which said Letters Patent are or may be granted." Winter agreed to inform the plaintiff company of any improvements he may invent or discover upon or effecting said folding machine and to execute all documents necessary or proper as may be required by the said party of the second part in order to apply for letters patent thereon.

On December 6, 1921, patent No. 1,399,-098, covering a certain folding paper machine, was issued to Winter on his application in which claims 3 and 7 describe the main and essential features of his patent assigned to plaintiff, as follows:

"3. A folding mechanism which comprises two sets of cooperating rollers, each set comprising a plurality of spiral rollers of graduated pitch, through which a web of material may be passed, to cause the same to conform to their profile."

"7. A folding mechanism consisting of a plurality of spiral rolls of graduated pitch in contact with which a web of material may be passed and means for preventing lateral displacement of said material."

Winter remained in the employment of the plaintiff company, under contract, for a period of three and a half years, during which time he secured patent No. 1,399,098

for the plaintiff company and manufactured a number of machines under this patent for the plaintiff company. During the same period while in the employment of the plaintiff company, he was working upon another folding paper machine of a different character for which he and D. A. Rosenthal secured patent No. 1,625,566.

On April 19, 1927, patent No. 1,625,566 was issued to Duncan A. Rosenthal and Courtney P. Winter, covering a folding paper machine which was described in the specifications, as follows:

"The primary object of the invention resides in providing a new and novel means for tucking, folding and creasing flexible sheets as the same are fed to the machine. * * *

"A still further object resides in providing two series of mutilated tucking disks or blades which rotate in opposite directions and operate to engage the material alternately so as to provide folds in the material formed on opposite sides of the plane in which said material is fed to the machine."

In the bill the plaintiff alleges that the defendants infringed said letters patent secured by Winter and assigned to plaintiff by causing to be made and used a certain machine for folding paper embodying the invention set forth in said letters patent belonging to plaintiff and charging defendant Winter with the breach of his contract for the assignment of said letters patent on the said folding paper machine, embodying the intention set forth and claimed in said letters patent together with the variations thereof and improvements thereon.

On April 26, 1927, the cause came on to be heard and by agreement of the parties was referred to a special master, who was appointed to take testimony and to make report, together with his findings of fact, conclusions of law, and recommendation to this court. The master took the evidence of both sides in the case, and after arguments of counsel for both sides, reported to the court his findings of fact and conclusions of law, together with his recommendations in which he finds:

"1. That the terms of the contract, 'improvements thereon or variations thereof' refer to the perfecting of the particular machine covered by the contract.

"2. That defendants did not have in their plant in Chambersburg, Pa., a machine substantially like the machine of plaintiff.

"3. That the machine of the defendants made under the Winter and Rosenthal pat-

ent does not infringe the Winter patent No. 1,399,098.

"4. That the machine made under the Winter and Rosenthal patent No. 1,625,566 is not an 'improvement to or variation' of the machine of the Winter patent, and therefore is not covered by the contract."

To the master's findings of fact and conclusions of law, the plaintiff has filed exceptions, and the case is now again before the court for disposition.

The plaintiff alleges first that the defendants made and used in their plant at Chambersburg a machine of substantially the same construction as is embodied in the Winter patent, No. 1,399,098, and, secondly, that the machine patented by Rosenthal and Winter, patent No. 1,625,566, is an improvement upon and variation of said patent No. 1,399,-098, and therefore a breach of the term of the said contract.

The first question for determination is whether the plaintiff's patent No. 1,399,098 has been infringed by the defendant, as claimed by the plaintiff.

The testimony shows that the machine used by the defendants was not the same kind of a machine, nor like the machine, of the plaintiff. The plaintiff's machine, claim 3, is a folding mechanism which comprises two sets of co-operating rollers, each set comprising a plurality of spiral rollers of graduated pitch, through which a web of material may be passed to cause the same to conform to their profile; claim 7 is a folding mechanism consisting of a plurality of spiral rolls of graduated pitch in contact with which a web of material may be passed and means for preventing lateral displacement of said material.

No such machine, as described in claims 3 and 7, according to the evidence, was used at any time by the defendants. The machine used by the defendants in their factory at Chambersburg, Pa., was patented by Rosenthal and Winter under patent No. 1,625,-566 and provides "a new and novel means for tucking, folding and creasing flexible sheets as the same are fed to the machine." The plaintiff's machine consisted of a folding mechanism which comprises two sets of co-operating rollers each set comprising a plurality of spiral rollers of graduated pitch, while the defendant's machine comprises two series of mutilated tucking disks or blades which rotate in opposite directions. The spiral rolls of graduated pitch which caused the material to conform to their profile in the plaintiff's machine differ from the defendants' machine embodying the two series of mutilated tucking disks or blades which rotate in opposite directions, and the latter are not an equivalent of or substantially like the former, and therefore the plaintiff's patent has not been infringed by the defendants. "To constitute infringement of a patent for a machine the infringing machine must be substantially identical with that of the patent in the result attained, the means of obtaining that result, and the manner in which its different mechanisms operate and co-operate to produce that result." American Steel & Wire Co. of New Jersey v. Denning Wire & Fence Co. (C. C.) 176 F. 564.

The second question for determination is whether the defendants' machine, as patented under patent No. 1,625,566, is an improvement on or a variation of the plaintiff's machine as covered by letters patent No. 1,399,098.

The essential and main part of the plaintiff's machine, in fact the only part, which is covered by claims 3 and 7 of the plaintiff's patent, consists of two sets of co-operating rollers of graduated pitch, the essential thing being the spiral rolls of graduated pitch, while the defendants' invention, as patented and used, consists of two series of mutilated tucking disks or blades which rotate in opposite directions and is not in any way an improvement or variation of the two sets of co-operating rollers, each set comprising a plurality of spiral rollers of graduated pitch. The defendants' machine is a novel and different machine in its essential principals. The defendants' machine is a new machine entirely different from the plaintiff's machine and not in any manner an improvement or variation thereof, and therefore there has been no breach of the contract between the plaintiff and Winter, giving the plaintiff the benefit of any improvements to or variations of plaintiff's patented machine. The improvements on or variations of the plaintiff's machine as contemplated by the contract are not improvements in the art generally, but improvements on and variations of the specific patented machine belonging to the plaintiff, assigned under contract. American Cone & Wafer Co. v. Consolidated Wafer Co. (C. C. A.) 247 F. 335.

"Where a subsequent patent does not infringe a former one, it is independent thereof, and will be regarded as a new patent, and not a mere improvement of the former one. * * * An improvement, as understood in

the patent law, embraces the original and adds thereto or alters it. Page v. Ferry, Fed. Cas. No. 10,662. * * * A device securing the same result, but operating on a different principle, is not an infringement of a former patent (Bridge v. Excelsior Mfg. Co., 105 U. S. 618, 26 L. Ed. 1191), and is not covered by an assignment of the patent with an agreement to assign all improvements made on it." Stitzer v. Withers, 122 Ky. 181, 91 S. W. 277–280.

"In determining what is and what is not an improvement, it seems to be the policy of the courts in passing upon contracts to assign improvements to construe such contracts so as to cover only improvements in the particular patent or machine which forms the immediate subject-matter of the assignment." McAuley v. Chaplin-Fulton Mfg. Co., 217 Pa. 477, 66 A. 750, 753.

From all the evidence in the case, the court finds that the plaintiff's patent has not been infringed by the defendants, as claimed by the plaintiff, and that the defendants' machine, patented under patent No. 1,625,566 is not an improvement on or variation of plaintiff's machine, as patented under patent No. 1,399,098, and therefore there has been no breach of the contract by defendants in using a machine which is an improvement on or a variation of plaintiff's machine.

And now, August 15, 1929, the exceptions to the master's report are dismissed, the master's report is confirmed, and the findings of fact and conclusions of law of the master are confirmed and adopted by the court as its findings of fact and conclusions of law, and the plaintiff's bill of complaint is dismissed.