Argued October 23, decided November 12, 1912.

**HOLDEN** *v.* **LAW UNION & ROCK INS. CO.***

(127 Pac. 547.)

**Reformation of Instruments—Insurance Policies.**

1. If the property insured was mis-described in the policy by mutual mistake of the parties, equity has power to reform it, and compel payment of the policy as reformed.

———

*As to necessity for reforming policy before recovery in case of mistake, see note in 2 L. R. A. (N. S.) 548.    REPORTER.

**Reformation of Instruments—Contracts—Insurance Policies—
    Failure to Examine Contracts.**

2. Insured's failure to examine his policy is not a bar to a suit to reform it for mis-description of the property, and enforce it as reformed.

**Reformation of Instruments—Actions—Sufficiency of Evidence.**

3. In an action to reform an insurance policy by correcting a mis-description of the property insured, and to enforce it as reformed, evidence held to show that the intention of the parties was to insure whatever property insured had on the premises.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE McBRIDE.

This is a suit by John G. Holden against the Law Union & Rock Insurance Company, to reform an insurance policy issued by defendant, before attempting a recovery for loss by fire. The facts are as follows:

Plaintiff was the lessee of a flower store and greenhouses in Portland, Oregon. The greenhouses were constructed of glass framed in wood, and were the property of George Otten, who also owned the lot upon which they were situated. Plaintiff owned furniture, fixtures, implements, and tools of trade valued at $2,960.70. The plaintiff, at some time prior to March 1, 1910, had applied to the Northern Insurance Company for $1,000 insurance on his fixtures and furniture above described, and that company had issued to him a policy of insurance, in which the property insured was erroneously described as "frame and glass greenhouses." The error was not noticed by plaintiff when the policy was delivered to him. About March 1, 1910, Mr. Blossom, an agent of defendant, requested plaintiff to become insured in the defendant company. Plaintiff states the conversation leading up to the issuance of the policy as follows:

"He [Blossom] said he would like to have some of my business, and I told him I would let him have some of my business; that he had been buying flowers from me, and I would give him some of my business. * * Mr. Blos-

som asked me if I had any more insurance on the place. I told him I did, and I told him he could have some of the insurance. He asked where the policies were, and I told him, 'At my house.' He said he would make the policy the same as the other one, and I told him to go up to the house and get the policy if he wanted it. * * That is all I saw of Mr. Blossom for a month or two afterwards. He left the policy at the store when he had it written out."

The description of the insured premises followed exactly the description in the policy issued by the Northern Insurance Company, from which it was copied. Blossom testified that he called at the store to see Otten, and that Otten introduced plaintiff as his successor, and said he had sold out to plaintiff, and that he inferred that Otten had sold out everything that he had formerly owned; that nothing was said at any time about furniture and fixtures; that he knew nothing about the lease; that many companies, including his, prohibited in many instances the giving of insurance upon leased premises, but made exceptions where the moral habits of the lessees were good; that he copied the description contained in the policy of the Northern Insurance Company; that he supposed at the time that Holden owned the land and the buildings. On July 14, 1910, the buildings and contents were destroyed by fire, and upon the request of the plaintiff the Northern Insurance Company promptly reformed its policy, so as to describe the furniture, fixtures, etc.; but the defendant refused to so reform the policy issued by it, and this suit was brought, resulting in a decree for plaintiff, from which defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Emmons & Webster,* and *Mr. W. J. Makelim,* with an oral argument by *Mr. Lionel R. Webster.*

For respondent there was a brief over the names of *Mr. E. E. Heckbert, Mr. George W. Hazen,* and *Mr.*

*W. L. Cooper,* with oral arguments by *Mr. Heckbert* and *Mr. Hazen.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1, 2. If there was a mutual mistake of the parties, whereby the property insured was mis-described, there is no question as to the power of a court of equity to reform, and enforce the payment of the policy as reformed. *German Insurance Co.* v. *Gueck,* 130 Ill. 345 (23 N. E. 112: 6 L. R. A. 835) ; *Fitchner* v. *Fidelity Ins. Co.,* 103 Iowa, 276 (72 N. W. 530) ; *National Trades Bank* v. *Ocean Ins. Co.,* 62 Me. 519. Nor is the failure of the insured to examine his policy a bar to such a suit. *Hay* v. *Star Ins. Co.,* 77 N. Y. 240 (33 Am. Rep. 607).

3. This leaves but one question to be decided: What did Blossom intend to insure, when he made the oral agreement with Holden? There can be no doubt that Holden intended to secure insurance on his own property contained in the store. Blossom made no inquiry as to the ownership of the property, or its value, and we think it fair to infer from the testimony that he was willing and intended to place $500 additional insurance upon whatever property interest plaintiff had in or upon the premises, and that, had the description in the Northern Insurance Company's policy been correct, he would have followed it, and the policy would have issued just the same. If the policies issued were in excess of the value of the property, the defendant would have taken small risk in so doing, as the plaintiff could have recovered merely the value of the property destroyed in any event, and the subsequent insurer would be liable only for its proportion of such value.

We think the intention of both parties was to insure whatever property interest plaintiff had in the premises, and the fact that by inadvertence that interest was mis-described can make no difference as to plaintiff's equitable

right to have the policy reformed.   In other words, plaintiff intended to insure his property connected with the business in which he was engaged, and defendant was willing to insure that property, without making any inquiry as to its nature.

The decree of the circuit court is affirmed.

AFFIRMED.