544       SUPREME COURT OF FLORIDA.

SOUTHERN STATES FIRE INSURANCE COMPANY, A CORPORA-
TION, *Appellant*, v. W. E. VANN, *et al., Appellees.*

Opinion Filed April 28, 1915.

1. It is well settled that when a policy of insurance as issued
   does not conform to the contract which it purports to evi-
   dence, and the insured accepts the policy in the belief that
   it does conform to his contract, a court of equity will reform
   the instrument; and that after a loss has occurred the refor-
   mation of the policy and judgment for the loss may be
   had in the same suit.

2. A court of equity may correct mistakes made in the terms of
   an insurance policy where the insured acts upon the superior
   judgment of the insurance agent, though the mistake to some
   extent is one of law, where the intention is to issue the policy
   in the name of the owners, whoever they may be.

Appealed from Circuit Court for Taylor County; M. F.
Horne, Judge.

Order affirmed.

COCKRELL, J., dissents.

*W. T. Hendry* and *S. D. Clarke,* for Appellant;

*W. B. Davis,* for Appellees.

WHITFIELD, J.—The appellees filed a bill in equity
alleging in effect that a partnership under the firm name
of G. C. Vann & Company existed between W. E. Vann
and G. C. Vann; that certain real estate was purchased
and paid for with partnership funds, but the title was
taken in the name of G. C. Vann and W. E. Vann in trust
for the partnership; that G. C. Vann died intestate leav-
ing Pearl Vann his widow, and Russell Vann and William

Vann, minor children; that subsequently a partnership was formed under the same name of G. C. Vann & Company by W. E. Vann, J. R. Vann and Pearl Vann, the latter acting in her own right and as guardian of her two minor children; that Pearl Vann and her children and J. R. Vann and his family occupied a dwelling on the premises purchased with the funds of the said first partnership of G. C. Vann & Company; that some of the furniture in the dwelling was owned by J. R. Vann and some of it was owned by Pearl Vann and her two minor children; that an agent of the defendant insurance company issued a policy of insurance upon the dwelling and the furniture therein to G. C. Vann and J. R. Vann; that the dwelling and furniture were destroyed by fire; that the defendant company refuses to pay the fire loss on the grounds that the interest of the insured is not truly stated in the policy and that the interest of the insured is "other than unconditional or sole ownership;" that at the time of issuing the policy the agent of the defendant company came to the premises and was then and there notified and advised by complainants that G. C. Vann was dead, and that the legal title to the building was in the names of W. E. Vann and G. C. Vann at the death of G. C. Vann and that his legal title descended to his heirs, and that the premises were bought with partnership funds and that the equitable title was in G. C. Vann & Company and a part of said firm's property; that the agent of the defendant company was also told and informed that the furniture belonged to J. R. Vann and to Pearl Vann and her two minor children; that the defendant's agent then and there said that the policy "should be written to G. C. Vann and J. R. Vann as the same is written;" that complainants "were not familiar with insurance or insurance business and relied upon the said agent to properly write and fix the

said policy; that the said agent knowing all the facts and being fully advised in the premises, then and there, through error, mistake and inadvertance, wrote the said policy in the name of G. C. Vann and J. R. Vann, instead of writing the said policy as the same should have been written and describing the goods and property as belonging to complainants as hereinbefore set forth and alleged;" that the defendant company is estopped by the knowledge and acts of its agent from claiming the stated defenses. It is prayed "that the said policy be so reformed and corrected as to show the legal title to the real estate to be in the said W. E. Vann, Pearl Vann, Russell Vann and Wilburn Vann and that the equitable title is in G. C. Vann & Company, partners and that the ownership and title to the articles and items mentioned in Exhibit 'A' is in the said J. R. Vann and the ownership and title to the items and articles mentioned and described in Exhibit 'B' is in the said Pearl Vann and Russell Vann and Wilburn Vann as widow and heirs of G. C. Vann, deceased" and for the enforcement of the liability on the policy as reformed and for general relief. A demurrer to the entire bill of complaint was overruled and the defendant company appealed.

"It is well settled that when a policy of insurance as issued does not conform to the contract which it purports to evidence, and the insured accepts the policy in the belief that it does conform to his contract, a court of equity will reform the instrument; and that after a loss has occurred the reformation of the policy and judgment for the loss may be had in the same suit." Fidelity Phenix Fire Ins. Co. v. Hilliard, 65 Fla. 443, 62 South. Rep. 585; Phenix Ins. Co. v. Hilliard, 59 Fla. 590, 52 South. Rep. 799; 1 Cooley's Ins. Briefs 854.

A court of equity may correct mistakes made in the terms of an insurance policy where the insured acts upon the superior judgment of the insurance agent, though the mistake to some extent is one of law, where the intention is to issue the policy in the name of the owners, whoever they may be. Taylor v. Glen Falls Ins. Co., 44 Fla. 273, 32 South. Rep. 887; Woodbury Savings Bank v. Charter Oak Ins. Co., 31 Conn. 517; Snell v. Insurance Company, 98 U. S. 85; Keith v. Globe Ins. Co., 52 Ill. 518; Eastman, Adm'r v. Provident Mutual Relief Ass'n., 65 N. H. 176, 18 Atl. Rep. 745, 5 L. R. A. 712; 1 Cooley's Brief on Law of Ins., p. 866; Home Ins. Co. of New York v. Gibson, 72 Miss. 58, 17 South. Rep. 13; Leisen v. St. Paul Fire & Marine Ins. Co., 20 N. D. 316, 127 N. W. Rep. 837; 30 L. R. A. (N. S.) 539; Western Assur. Co. v. Stoddard, 88 Ala. 606, 7 South. Rep. 379.

It is alleged that the agent of the defendant company visited the premises and was then and there notified and advised by complainants that G. C. Vann was dead, that the legal title to the building was in the names of W. E. Vann and G. C. Vann at the death of the latter and that his title was in his heirs, and that the premises were bought with partnership funds and that the equitable title was in the firm and was a part of said firm's assets; that the agent was also told and informed as to the ownership of the furniture; that the defendant's agent "then and there said that the said policy of insurance should be written to G. C. Vann and J. R. Vann as the same is written"; that complainants were not familiar with insurance or insurance business and relied upon the said agent to properly write and fix the said policy; that the agent knowing all the facts and being fully advised and informed in the premises, then and there, through error, mistake

and inadvertance wrote said policy in the name of G. C. Vann and J. R. Vann, instead of writing the policy as it should have been written. It must be assumed that it was the intention of the parties that the property should be duly insured in the names of the owners of the same, or else be forced to the conclusion that the agent did not act in good faith in writing the policy as he did with full knowledge as to the ownership of the property. See Creed v. Sun Fire Office of London, 101 Ala. 522, 14 South. Rep. 323, 23 L. R. A. 177. Under the circumstances alleged and admitted by the demurrer a ground for equitable relief appears, so as to call for a response to the facts set up in the bill of complaint.

The order appealed from is affirmed.

TAYLOR, C. J., AND SHACKLEFORD AND ELLIS, JJ., concur.

COCKRELL, J., dissenting.

"It is not sufficient to allege that it was the intention of the parties to make an instrument that would accomplish a certain object, and ask the court to make a writing that will accomplish that object." 18 Ency. Pl. & Pr., 824, and authorities cited. I do not find that this bill undertakes to declare how the policy should have been written, and I confess to a difficulty in framing a single policy to cover separate furniture separately owned.