Argued March 6, affirmed March 13, 1917.

## GREGAN *v.* NORTHWESTERN INS. CO.

### (163 Pac. 588.)

**Fraud—Presumption.**

1. Fraud is never presumed, but must be proven.

**Insurance—Reformation of Fire Policy—Mistake.**

2. Where the vendee under an executory contract for the sale of land bargained and paid for a policy of fire insurance which would protect his interest, as vendee, but the policy, thoughtlessly and by oversight of the insurer's authorized agent, was written in a form requiring absolute ownership in the insured, the latter was entitled to have a policy reformed in equity after loss to protect him, though he had not read the policy, and though the form of fire policies is statutory, the mistake being mutual, and fire policies being still subject to reform in equity, at least in the provisions which local agents are authorized to supply and modify.

[As to reforming policies of insurance, see note in 65 **Am. St. Rep.** 514.]

**Insurance—Interest on Decree.**

3. In suit to reform a policy of fire insurance, wherein plaintiff secured reformation, and also judgment for the face of the policy, interest should run only from the date of the decree in the lower court.

From Multnomah: HARRY H. BELT, Judge.

Department 2.    Statement by MR. JUSTICE MC-CAMANT.

This is a suit by William M. Gregan against The Northwestern National Insurance Company of Milwaukee, Wisconsin, a corporation, to reform a policy of fire insurance.

On May 27, 1912, plaintiff entered into a contract for the purchase of Block 20 of Boardman's Addition to Jennings' Lodge, in Clackamas County. The stipulated price of the property was twenty-five hundred dollars. One hundred dollars was paid in cash. By February 19, 1913, plaintiff had paid six hundred and fifty dollars on account of the purchase price, and by the time the case was tried the purchase price had been paid in full. Under date of February 19, 1913, the defendant issued to plaintiff a policy of fire insurance in the sum of two thousand dollars on a building which plaintiff was constructing on the property. This policy followed the statutory form and contained a provision that it should be void if the interest of the insured should be other than unconditional and sole ownership. In ignorance of this provision in the policy plaintiff accepted it, and sixty days later paid the premium thereon.

The property was destroyed by fire August 6, 1913. Plaintiff's loss was greater than the face of the policy. The defendant denied liability and plaintiff brought an action at law on the policy. Believing that this action could not be successfully maintained, in view of the foregoing stipulation in the policy, plaintiff took a voluntary nonsuit and immediately thereafter brought this suit in equity to reform the policy. The decree of the lower court reformed the policy so as to make it

effective for the insuring of plaintiff's equitable interest in the property, and gave judgment against the defendant for the face of the policy and interest. The defendant appeals to this court.

MODIFIED AND AFFIRMED.

For appellant there was a brief over the name of *Messrs. Veazie, McCourt & Veazie,* with an oral argument by *Mr. J. Clarence Veazie.*

For respondent there was a brief over the names of *Mr. John P. Winter, Messrs. Emmons & Emmons, Mr. H. H. Emmons, Mr. F. B. Woodruff* and *Mr. Roscoe R. Johnson,* with an oral argument by *Mr. Winter.*

MR. JUSTICE McCAMANT delivered the opinion of the court.

The policy was written on behalf of the defendant by E. H. Cooper, whose firm was duly authorized to countersign and deliver policies. It further appears that the defendant had provided Cooper with a form of rider which he was authorized to attach to policies of insurance on property purchased under contract. This form of rider recites such purchase and provides that the loss, if any, should be payable to "both seller and purchaser, as their respective interests may appear."

Plaintiff produced four witnesses who testified that Cooper was informed on three different occasions that plaintiff's interest in the property insured was that of a vendee under an executory contract of purchase. Two of these conversations took place before the insurance was written and the third of them at the time the premium was paid. Cooper admits that he participated in these conversations and corroborates the other witnesses as to some of the matters discussed, but de-

nies flatly that the nature of plaintiff's title was called to his attention at either of these interviews. Cooper's denial is supported by a couple of circumstances which are earnestly pressed upon our attention by counsel for the defendant, but the preponderance of the testimony is clearly with plaintiff on this issue. Plaintiff's witnesses testify clearly and emphatically on the subject in question, and the weight of this testimony is not impaired on cross-examination. The lower court believed them and we are convinced of the correctness of his conclusion on the facts.

1. It appears that after Cooper's attention had been directed to the condition of plaintiff's title he prepared and delivered a policy which by its terms was void "if the interest of the insured" should "be other than unconditional and sole ownership." Cooper wrote and delivered this policy either deliberately or thoughtlessly. He testifies that he was familiar with the conditions of the policy. If under these circumstances he deliberately prepared and delivered to plaintiff a void policy and collected the premium therefor, he perpetrated a fraud on plaintiff. Fraud is never presumed and there is no testimony in this record which requires us to find that there was fraud in fact.

2. The conclusion follows that the policy was written in this form thoughtlessly and by oversight. Plaintiff unquestionably bargained and paid for a policy of insurance which would protect his interest as vendee. Cooper testifies that he intended to give plaintiff a valid policy. The mistake was therefore a mutual one and plaintiff is entitled to relief in equity. This conclusion is supported by *Holden* v. *Law Union & Rock Co.,* 63 Or. 253 (127 Pac. 547), and by well-considered authorities from other states. In *Ben Franklin Co.* v. *Gillett,* 54 Md. 212, 218, the court says:

"The law is well settled that where the general agent of a company is intrusted with the power to make and issue policies, and the insured fully and frankly discloses all facts material to the risk, and the agent in making out the policy through fraud or mistake fails to state such facts, such error or fraud on the part of the agent cannot be relied on by the company in avoidance of the policy, and a court of equity upon application will reform the policy so as to make it express the real contract between the parties."

To the same effect see *National Bank* v. *Ocean Co.*, 62 Me. 519, 523; *Niagara Co.* v. *Jordan,* 134 Ga. 667 (68 S. E. 611, 20 Ann. Cas. 363).

Plaintiff's right to relief is not barred by his failure to read the policy: *Carlton Co.* v. *Lumber Insurance Co.,* 81 Or. 396 (158 Pac. 807, 809, 810). It is true that since 1907 the form of fire insurance policies in this state has been statutory, but they are still subject to reformation in equity, at least in the provisions which local agents are authorized to supply and modify: *Holden* v. *Law Union & Rock Co.,* 63 Or. 253 (127 Pac. 547), and *Carlton Co.* v. *Lumber Ins. Co.,* 81 Or. 396 (158 Pac. 807). If it should have appeared that Cooper had no authority from the defendant to modify the provision in the policy relied on by the defendant, a different question would be presented.

3. The decree of the lower court was in error in allowing interest from September 29, 1913. Interest should run only from the date of the decree in the lower court: *Carlton Co.* v. *Lumber Ins. Co.,* 81 Or. 396, 405 (159 Pac. 969). The decree will be modified in this respect and in other respects it is affirmed. Neither party will recover costs in this court.

Modified and Affirmed.

Mr. Chief Justice McBride, Mr. Justice Moore and Mr. Justice Bean concur.