HANOVER FIRE INSURANCE COMPANY, A CORPORATION, *Appellant,* v. S. F. HIERS, *Appellee.*

Opinion Filed March 27, 1920.

1. A clause in a policy of fire insurance upon a dwelling house providing that the policy shall be void if the insured does not own the fee simple to the property may be orally waived by the insurer.

2. A policy of fire insurance may be reformed upon the ground of fraud or mutual mistake.

3. A bill in chancery alleging the payment by the insured of the premium charged by the insurer and the issuing of a policy of insurance upon the dwelling-house of the insured with the

knowledge on the part of insurer's agent that the insured did not own the fee simple title is sufficient to support a prayer for relief upon a policy containing the so-called title clause.

4. Where a bill in chancery waives an answer under oath the burden is upon the complainant nevertheless to establish the truth of the material allegations of fact upon which he bases his right to relief.

5. Where a bill for the reformation of a policy of insurance contains allegations sufficient to show an agreement to issue a policy and the payment by the insured and acceptance by the insurer of the premium and a waiver of the so-called title clause, and prayer for the reformation of the policy alleged to have been issued and that the insurer be decreed to pay the loss alleged to have occurred under the policy, and for general relief, a decree granting relief in the matter of payment of the loss where the evidence supports such phase of the decree, will not be reversed because the evidence does not show that the policy was actually issued, but will be affirmed upon the principle that the evidence showing an agreement to issue such a policy of insurance, the complainant would have a right to spefiic performance and the enforcement of the policy so decreed to be issued.

An Appeal from the Circuit Court for DeSoto County, John S. Edwards, Judge.

Decree affirmed.

*Brown and Jones,* for Appellant;

*Leitner & Leitner,* for Appellee.

ELLIS, J.—This suit was instituted in the Circuit Court for DeSoto County for the reformation of a policy of fire insurance and the payment of the liability thereunder.

The original bill in substance alleged that during the years 1914, 1915 and 1916, the complainant, S. F. Hiers, was in possession of and had a written contract with the Sebring Real Estate Company for the purchase of a lot in the town of Sebring; that complainant had "about paid up the said deferred payments and was in possession of the said property using it as his own;" that he had erected thereon a dwelling house at a cost to him of about $1,500.00; that H. C. Brown was during the year 1914 agent for the defendant Hanover Fire Insurance Company; and complainant procured through the said Brown as agent of the said company a policy of fire insurance in the sum of $1,000.00; that Brown then stated to complainant that he also represented the Sebring Real Estate Company and was fully aware of the character of complainant's title to the property; that the policy of insurance was issued and numbered 149103 and under its terms expired on or about December 2, 1915; that it contained no clause providing that the policy should be valid although the Sebring Real Estate Company then held the fee simple title to the property insured, but that it did contain a provision to the effect that it was void if the complainant did not own the fee simple title. It was alleged that in October, 1915, Brown, as the agent of the company, solicited the complainant to renew the policy and the complainant agreed to do so, the policy to expire December 2, 1916; that it was to be issued for one thousand dollars by the same company under the same conditions as the first; that complainant paid the premium, but that the policy was never delivered to him, as indeed the first had not; that the defendant through its agent knew the condition of complainant's title to the property, but did not cause to be inserted in the renewal

policy a clause consenting to a waiver of the title clause; that the insurance was in force and uncancelled on or about March 1, 1916, when the house was totally destroyed by fire. The complainant had made demand on the company through its agent for the renewal policy and had notified defendant of the loss, but the agent had denied that he had renewed the policy as the complainant had not paid the premium and the defendant had failed to pay the loss. The prayer was that the "original fire insurance policy, No. 149103, may be reformed so as to speak the truth and that the fire insurance policy which is a renewal of the said insurance policy and which is in the hands of the defendant may be reformed so as to speak the truth, allowing orator to insure whatever interest he has in said property," and that the defendant be decreed to pay the loss and attorneys fees, and for general relief.

A demurrer to this bill was sustained upon the ground that the bill showed no right in complainant to the reformation of policy No. 149103. The demurrer also attacked the bill upon the ground that it contained no equity, and that it was vague and uncertain. But the order sustaining the demurrer stated that it was overruled as to all other grounds, and that "complainant is allowed to plead instanter. Defendant given to Rule day in April to plead or answer."

The complainant then filed his "amended" bill. This amended bill differed from the first one filed only in the prayer. The amended bill omitted from the prayer reference to the original policy of insurance No. 149103. In this particular only is there any difference in substance between the two bills.

The defendant answered the amended bill. It neither admitted nor denied that it was a corporation doing business in Florida, or that the complainant was in possession of the property for the years alleged, or that he had a contract for its purchase and had made about all the deferred payments, but required proof. It admitted that it issued to complainant in 1914 policy No. 149103, but alleged that it expired several months before the fire. It denied that its agent then stated to complainant that he represented the Sebring Real Estate Company and was fully aware of the character of complainant's title to the property, but averred that its agent was in fact unaware of it; but on the other hand believed that the complainant owned the fee simple. It denied that either it or any of its agents consented to any clause being inserted in the policy "allowing the complainant to insure the building although he did not own it;" denied that it renewed the policy to expire December 2, 1916, denied that any such policy had been written by it, or that it had received directly or through any of its agents any premium for such a renewal. It denied any knowledge of the condition of complainant's title, denied liability under policy No. 149103, or upon any renewal of it, denied proper or due notice of loss and neither admitted nor denied that the property was totally destroyed by fire.

The cause was referred to a special master to take testimony and report the same. Upon the report coming in the chancellor rendered a final decree declaring the equities to be with the complainant, that he was the conditional owner of the property and in possession of it in 1915, that both complainant and the Real Estate Company had an insurable interest in it, that in October, 1915, defendant insured the property against loss by

fire in the sum of one thousand dollars and that according to the terms of such policy it was to expire December 2, 1916; that the complainant's dwelling house, the property insured, was destroyed by fire in March, 1916; that there was no loss payable clause or condition in the policy which was issued to complainant conditioned that the policy should be in full force and effect although the said property was not owned in fee simply by complainant; that the defendant knew at the time that it insured the property that complainant did not own the fee simple and that the defendant should pay to the complainant $862,150 which included interest from March 1, 1916, and should pay to the Sebring Real Estate Company 287.50, and to complainant's attorney $100.00. It was decreed that the defendant should pay the money into the registry of the court within ten days and that it should be paid out by the clerk to the persons and in the amounts indicated, and that in default of such payment by the defendant execution should issue in favor of the complainant against the defendant.

From this decree defendant appealed and assigned as error the overruling of the demurrer in part and in finding the equities of the case to be with the complainant, and in rendering the decree in favor of the complainant.

While it is true that there was no demurrer to the amended bill, yet that bill contained the same allegations as the one which was first filed and to which a demurrer attacking its equity was interposed. If there was on equity in the first bill there was none in the amended bill; so if the court erred in overruling the demurrer to the first bill the decree was necessarily wrong as resting upon a complaint containing no ground

of relief. Upon the other hand if the first bill contained equity the second did also, because they were one and the same so far as the allegations of fact were concerned. Although the defendant did not demur to the second bill we think that its equity was nevertheless tested by the demurrer to the first. So we will consider this assignment.

The bill contained sufficient allegations of fact to entitle the complainant to the reformation of a policy of insurance, had one been issued in the matter of the clause providing that the policy should be void if the insured did not own the fee simple title. The allegations were also sufficient to show a waiver by the company of the title clause and to entitle the complainant to recover upon the policy because of his insurable interest. Fraud is not the sole ground upon which a policy of fire insurance will be reformed. Mutual mistake is a sufficient ground upon which to grant such relief. See Southern States Fire Ins. Co. v. Vann, 69 Fla. 544, 68 South. Rep. 645; Fidelity Phenix Fire Ins. Co. of New York. v. Hilliard, 65 Fla. 443, 62 South. Rep. 585; Phenix Ins. Co. v. Hilliard, 59 Fla. 590, 52 South. Rep. 799; Taylor v. Glens Falls Ins. Co., 44 Fla. 273, 32 South. Rep. 887.

Under the circumstances alleged in the bill and admitted by the demurrer the intention of the parties to the contract of insurance was that the defendant would insure the complainant's house against loss by fire, notwithstanding he did not own the fee simple title to the lot on which it stood, and held only the equitable title to the property; any other construction of the intention of the company or its agent would impeach its or his good faith and honesty of purpose.

The bill does not clearly al'ege that the new policy was issued, but it is alleged that it was to be issued and was kept among the files of the defendant's agent Brown. For purpose of this discussion we take this allegation as being sufficient on demurrer to show an issuing of the policy.

The demurrer therefore admitting the issuing of the policy and the circumstances under which it was issued was properly overruled.

The amended bill prays for the reformation of the new policy which it is alleged was issued in the manner and under the circumstances alleged, but the answer specifically denied the issuing of the policy and the payment by complainant of the premium on such a policy. While the bill waives oath to the answer it was nevertheless necessary to recovery that the complainant should establish the truth of the material allegations of fact upon which he bases his right to relief. See Lykes v. Beauchamp, 49 Fla. 333, 38 South. Rep. 603; Parken v. Safford, 48 Fla. 290, 37 South. Rep. 567; Indian River Mfg. Co. v. Wooten, 55 Fla. 745, 46 South. Rep. 185; Watson v. Bair, 73 Fla. 255, 74 South. Rep. 317; Fidelity Phenix Fire Ins. Co. v. Milliard, *supra*. And these material allegations must be supported by at least a preponderance of the evidence in cases where the oath to the answer is waived. All the material allegations of the bill, with the single exception of the actual issuing by the company and retention by Mr. Brown, its agent, of the new policy sought to be reformed, or his agreement to issue the same, if that is material, may be considered to be established by the testimony, but that allegation and the finding by the court that "on or about October 20th, 1915, the said defendant insured the said

property against loss by fire in the sum of one thousand dollars and this policy was to expire on or about December 2, 1916," there is not a word in the testimony to sustain in so far as it was intended to convey the idea that a new policy or contract of insurance was actually written by the company and retained by the agent, Mr. Brown, for the complainant. The complainant himself said: that at the time he gave the verbal order to Mr. Harshman, the bookkeeper and general manager of the "Sebring Builders' Supply Company," to pay Mr. Brown ten dollars for insurance on the house, which order was given on October 20, 1915, "there was nothing mentioned about the company," meaning the Hanover Fire Insurance Company. This statement by the complainant was brought out upon redirect examination by his counsel. The complainant also testified that he did not know whether the policy was ever written. Mr. Harshman said that when he was requested by Mr. Hiers to pay Mr. Brown ten dollars for insurance he did not know whether it was paid upon the old policy No. 149103, or upon a new one; "that there was nothing said about that at all." Mr. Brown testified that the money was paid for the premium due on policy No. 149103, which he was holding as was his custom until the premium was paid. Mr. Brown represented only one fire insurance company in 1914 and 1915. The allegation concerning the defendant's knowledge through its agent Brown as to the character of complainant's title to the property may be considered as sufficiently supported by the testimony under the rule that the chancellor's findings will not be disturbed where there is substantial evidence to support it. See Lewter v. Price, 25 Fla. 574, 6 South. Rep. 439.

Whether the complainant paid Mr. Brown, the company's agent, the premium of ten dollars upon a new policy of insurance which was not to take effect for nearly one month and a half from the date of such payment, because there existed at the time of such payment a valid policy in the same company upon the identical property for the same amount which did not expire until December 2, 1915, is not by any means clearly established by the testimony, therefore the inference that seems to have been drawn by the chancellor that in consideration of such payment a policy of insurance was actually written and retained by Mr. Brown is less clear.  That one should renew a policy of fire insurance upon his property a month before one already existing upon it has expired and pay the premium upon the new insurance at once cannot be said to be customary or the usual method concerning such things.  If it was true as the chancellor found that the defendant "insured the said property on or about October 20, 1915," the date upon which the renewal premium was alleged to have been paid, and such policy was to expire December 2, 1916, then for the period of about one month and a half the complainant had double insurance upon his property, because the old policy No. 149103 was in force and the period of time covered by the new policy if valid was thirteen months and twelve days instead of twelve months, and could not be considered as a renewal of an old policy, but concurrent insurance, and there is no word in the testimony to show that such concurrent insurance was to be identical wth that already in existence and to be a duplicate of the contract expressed in policy No. 149103 with the exception of dates.  There was only one inference that could have been reasonably drawn from the evidence,

27—Vol. 79

assuming that the fact of the payment of Mr. Hiers of ten dollars to Mr. Brown on October 20, 1915, for new insurance to begin at the expiration of the insurance then in force was clearly established, and that is that Mr. Brown agreed to write another policy on December 2, 1915, in favor of Mr. Hiers on the same property. He, however, did not write such insurance, and no such policy was ever issued. So the evidence seems to establish.

The case made by the bill and the evidence therefore is one based upon an executory contract to insure in the future. It appears from the evidence that the defendant did insure the complainant's house for one thousand dollars for a period of one year from December 2, 1914, that the policy actually issued was numbered 149103 and expired December 2, 1915, and the policy was retained by the agent, Mr. Brown, in his possession and never delivered to the complainant. We think the chancellor's finding that Mr. Brown knew of the character of complainant's title to the property when the policy was issued was supported by the evidence. The complainant in fact did hold the equitable title to his property, having purchased the lot and made nearly all the payments of the purchase price thereon and had erected a dwelling house upon it which he occupied as his home. The chancellor found that the agent was aware of these facts and we are unable to say that such finding appears to be clearly erroneous. The complainant's interest in the property, however, was an insurable one and the defense that he did not hold the legal title seems under the circumstances to be destitute of equity.

Now just prior, about one month and a half, to the expiration of the policy the complainant applied for a renewal of insurance and paid to the agent the premium

charged for such a policy for one year. This also the chancellor found to be established by the evidence, and we are not prepared to disturb his finding on this point.

Considering the pleadings and the evidence and the chancellor's findings thereon, we are forced to the conclusion that a contract for a policy of insurance to be issued to complainant on the expiration of policy No. 149103 and to run for one year in the same form upon complainant's house of which he was the equitable owner was made; that the house was totally destroyed by fire in March, 1916, and proof of loss submitted, and that the premium for such insurance was paid to the agent and retained by him.

"That an insuarnce company can by a preliminary parol contract bind itself to issue or to renew a policy in the future seems too well settled to admit of doubt." See McCabe v. Aetna Ins. Co., 9 N. Dak. 19, 81 N. W. Rep. 426; Benner v. Fire Ass'n. of Philadelphia, 229 Pa. St. 75, 78 Atl. Rep. 44; Phoenix Ins. Co. of New York v. Ryland, 69 Md. 437, 16 Atl. Rep. 109, 1 L. R. A. 548; Eames v. Home Ins. Co. of New York, 94 U. S. 621, 24 L. Ed. 298.

There seems to be sufficient evidence to establish Mr. Brown's authority as agent of the defendant company to solicit insurance, accept risks and to issue and renew policies.

The decree of the chancellor should therefore be affirmed because the complainant had a right to specific performance of the agreement to insure and the propriety of decreeing full relief by decree of payment of loss is established. Phenix Ins. Co. v. Ryland, *supra*.

The technical error in finding that there was an actual issuing of the policy cannot affect the rights of the parties nor the relief granted. The decree of the Circuit Court is therefore affirmed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J. concur.

WEST, J., dissents.