KRPAN, Respondent, *v.* CENTRAL FEDERAL FIRE
INSURANCE CO., Appellant.

(No. 6,618.)

(Submitted April 8, 1930.   Decided April 30, 1930.)

[287 Pac. 217.]

*Mr. John K. Claxton,* for Appellant, submitted a brief and argued the cause orally.

*Mr. N. A. Rotering* and *Mr. M. S. Galasso,* for Respondent, submitted a brief; *Mr. Rotering* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Defendant on October 24, 1927, issued to plaintiff a fire insurance policy for a period of three years, covering prop-

erty owned by plaintiff and situated at 27 Casey Street in the city of Butte. The policy was for the sum of $1,800, $1,300 of which was on a one-story, shingle roof, frame building, and the other $500 was for furniture, bedding, and wearing apparel situated in the building.

Defendant has its home office in Davenport, Iowa, and an agent in Butte. Defendant's agent at Butte examined the house and furniture before issuing the policy. Defendant collected from plaintiff premium for three years. On April 5, 1928, all of the property was destroyed by fire; proper proof of loss was thereupon made, and defendant's agent in charge of its adjustment bureau investigated the loss, and an agreement was reached between him and plaintiff whereby plaintiff agreed to accept the sum of $1,449.08 in settlement of the loss. A draft was executed by defendant and sent to its agent in Butte, but before it was delivered to plaintiff the agent at Butte received a telegram from the company instructing him not to deliver the draft. The delivery of the draft was withheld because the company had learned that the house was situated upon land leased by plaintiff and not owned by him in fee simple.

The policy of insurance contains this clause: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the subject of insurance be a building on ground not owned by the insured in fee simple."

Plaintiff by his complaint sought to have the policy reformed to show that the house stood upon leased ground and to recover under the policy. He alleged that the omission to state in the policy that he was not the owner of the land was due to the mutual mistake of the parties. He testified in support of his right of reformation that he told the agent of the defendant at the time the application for the policy was made that the land was owned by the Northern Pacific Railway Company, and that the agent replied that that was all right, that "he would just insure the house and furniture," and

assured plaintiff that the policy was all right. The evidence shows that plaintiff is unable to read the English language, and that no one read the policy to him. Defendant's agent denied that plaintiff had made the statement to him that the ground was owned by the Northern Pacific Railway Company, and said, "There was no conversation at all on that."

At the time of the trial, over objection of defendant, the court directed that a jury be impaneled to assist it in determining the action. The jury returned a special verdict favorable to plaintiff on a special interrogatory submitted to it. The defendant moved the court to reject the special verdict and adopt a finding in favor of defendant. The motion was denied, and the special verdict was adopted by the court. Other findings of fact and conclusions of law were made, and judgment was entered for plaintiff for the reformation of the policy and for the recovery of $1,449.08, together with interest in the sum of $124.30. Defendant's motion for new trial was denied, and it appealed from the judgment.

The special interrogatory which was submitted to the jury was as follows: "Question: Did the plaintiff, Valentine Krpan, before the insurance contract herein sued upon was made and executed by the defendant insurance company, state to the witness Sherman I. Schrock that he, said plaintiff, did not own the ground upon which stood the house described as No. 27 Casey street, in the city of Butte, Montana?" The jury answered in the affirmative. (Schrock was the agent of the defendant company who wrote the policy.)

The first assignment of error is grounded upon the action of the court in retaining a jury to assist in the consideration of the case. While in an equity case it becomes the exclusive province of the judge to ascertain the facts, he may, in his discretion, use the jury in an advisory capacity and submit to it such issues as he sees fit, as was done here. (*Lenahan* v. *Casey*, 46 Mont. 367, 128 Pac. 601; *Hoskins* v. *Scottish Union Nat. Ins. Co.*, 59 Mont. 50, 195 Pac. 837; *Ebaugh* v. *Burns*, 65 Mont. 15, 210 Pac. 892.) Nor was it incumbent

upon the trial judge, as contended by defendant, to announce, before the evidence was submitted, as to what issues he would submit to the jury. Determination of what issues will be submitted to the jury in a case involving the equitable powers of the court may properly be withheld until the evidence by both sides has been introduced.

Defendant contends that the evidence is insufficient to support the decree ordering a reformation of the policy. Specifically it is contended that the mistake, if any, was unilateral and not mutual.

Our statute treating of the revision of contracts provides: "When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." (Sec. 8726, Rev. Codes 1921.)

Conceding that under the pleadings it was incumbent upon plaintiff to show a mutual mistake, we think he has met the requirement. The facts in this case are substantially the same as those before this court in the case of *Stevens* v. *Equity Mutual Fire Ins. Co.*, 66 Mont. 461, 213 Pac. 1110, where it was held that the pleadings and proof were sufficient to warrant reformation. Similar facts have been held by other courts to warrant reformation on the ground of mutual mistake. (*Back* v. *People's Nat. Fire Ins. Co.*, 97 Conn. 336, 116 Atl. 603; *Hanover Fire Ins. Co.* v. *Hiers*, 79 Fla. 408, 84 South. 605; *Gregan* v. *Northwestern Nat. Ins. Co.*, 83 Or. 278, 163 Pac. 588.)

The fact that plaintiff retained the policy without reading it does not, as contended by defendant, prevent him from maintaining the action for its reformation (*Stevens* v. *Equity Mutual Fire Ins. Co.*, supra, and particularly where, as here, he was unable to read the English language (*Giam-*

352

*mares* v. *Allemania Fire Ins. Co.,* 89 N. J. Eq. 460, 105 Atl. 611).

But, were we to hold that the proof was insufficient to ▮ justify reformation on the ground of mutual mistake, we would still uphold the judgment under the facts here alleged and found. Here it is alleged that, at the time the policy was obtained, plaintiff informed defendant's agent that the land on which the house was situated was held by him under lease, and that he was not the owner of the land. His evidence, as above noted, supported this allegation. The jury and the court found this to be the fact. True, it was contradicted, but we cannot say that the evidence preponderates against the finding. It has generally been held that, where the agent of the insurance company, at the time of procuring the policy, knows facts which by the terms of the policy render it void, the insurance company by issuing the policy and accepting the premium waives such provision in the policy, or, as some courts hold, is estopped from asserting nonliability under such circumstances. (*Foster* v. *Scottish Union & Nat. Ins. Co.,* 101 Ohio, 180, 127 N. E. 865; *Bryant* v. *Granite State Fire Ins. Co.,* 174 Mich. 102, 140 N. W. 482; *Blackstock* v. *Jefferson Insurance Agency,* 23 Ga. App. 642, 99 S. E. 142; *Hite* v. *Liverpool etc. Co.,* 33 Ga. App. 349, 126 S. E. 304; *Springfield etc. Co.* v. *Price* 132 Ga. 687, 64 S. E. 1074; *State Mutual Ins. Co.* v. *Green,* 62 Okl. 214, L. R. A. 1917F, 663, 166 Pac. 105; *Martin* v. *Continental Ins. Co.,* (Mo. App.) 256 S. W. 120; *Van Schoick* v. *Niagara Fire Ins. Co.,* 68 N. Y. 434; *Georgia Home Ins. Co.* v. *Bennett,* 134 Ark. 52, 203 S. W. 279; *Plunkett* v. *Piedmont Mutual Ins. Co.,* 80 S. C. 407, 61 S. E. 893; *Anderson* v. *United States Fire Ins. Co.,* 57 N. D. 462, 222 N. W. 609.)

Were we to accept the testimony of defendant's witnesses ▮ as to what was said at the time of issuing the policy, we would be forced to the same conclusion. The agent who wrote the policy testified that nothing was said at the time the application for the policy was made with reference to plaintiff's

ownership of the land on which the house was situated. If defendant regarded this a material part of the contract, it should have interrogated plaintiff concerning it. By issuing the policy, it led plaintiff to believe in good faith that his property was insured. Having failed to inquire concerning plaintiff's ownership of the land on which the house was situated prior to issuing the policy, the defendant company cannot escape liability on the ground that plaintiff was not the owner of the land. (*Johnson* v. *Rocky Mountain Fire Ins. Co.*, 70 Mont. 411, 226 Pac. 515.)

Other contentions are made by defendant, but we find no reversible error in the record. The judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, did not hear the argument, and takes no part in the foregoing decision.