Orient Insurance Co. and Silas E. Yon v. Mrs. Morgan Peacock, et vir.

155 So. 724.

Opinion Filed June 21, 1934.

Petition for Rehearing Denied July 9, 1934.

*William Fisher,* for Appellants;

*James H. Finch,* for Appellees.

Buford, J.—Silas E. Yon owned a piece of property on which there was a house. He procured an insurance policy from Orient Insurance Company and paid the premium for one year. While the policy was in force he sold the property, including the house, to Mrs. Morgan Peacock and delivered to her the insurance policy. Mrs. Peacock's husband, acting in her behalf, visited the agent of the insurance company, told him of the transfer of the property and that Yon had delivered to Mrs. Peacock the insurance policy. There is conflict as to the following facts, but the record amply supports the evident finding of the chancellor to the effect that these facts existed. That is to say, Peacock told the agent of the insurance company about the transfer of the property and that he wanted the insurance policy, the premium on which was paid for the current year, so changed as to make Mrs. Peacock the beneficiary; that the agent told

Peacock that this could be done at any time and that the policy would remain in force and that the agent would make the proper changes as to the beneficiary when the policy should be brought to him for that purpose. That the agent said to him: "The policy is all right like it is." That Peacock then said to the agent: "If it is not I will either go to, or write, Mr. Stone and let him send the policy direct to you." To which the agent replied: "That is all right, when he is coming over, and I can change it in a few minutes." Mr. Peacock then said: "He won't be here until Thanksgiving. He will be home Thanksgiving on a visit." The agent then replied: "Well, that will be all right. The policy will be good until the expiration as far as that goes." To which Peacock replied: "Well, if it will be good like it is I will not make any effort to get it, but if it won't I want to have the matter cleared up."

Before Thanksgiving arrived the property was destroyed by fire. Suit was instituted to reform the policy so as to make it payable to Mrs. Peacock. Decree was in favor of the complainant and this appeal is from that decree.

When the company, through its agent, was advised of the transfer of the property it had the right to cancel the policy because of a change of ownership and return the unearned premium or it could retain the premium and keep the insurance in force. It, through its agent, decided to pursue the latter course.

This suit is not to enforce a contract of insurance resting in parol, but it is a suit for specific performance of a parol contract to issue a written policy of insurance and the consideration for the contract was the retention of the premium by the insurance company.

The decree should be affirmed on authority of the opinion and judgment in the case of Hanover Insurance Co. v.

Hires, 79 Fla. 408, 84 Sou. 605, and cases there cited. See also Eames v. Home Insurance Co., 94 U. S. 621; Consumers Match Co. v. German Insurance Co., 70 N. J. Law 226; Sanford v. Orient Insurance Co., 174 Mass. 416, 54 N. E. 883.

We have so often held that where the evidence is conflicting the findings or decree of the chancellor will not be disturbed unless clearly erroneous, that it is hardly necessary for us to now cite the cases in which we have so held. A late case with citations of former holdings was that of Foxworth v. Mattox, 103 Fla. 32, 137 Sou. 161.

The decree appealed from is affirmed.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.